Case 1:12-cv-03517-DLI-RLM   Document 1   Filed 07/16/12   Page 1 of 7 PageID #: 1

**SUMMONS ISSUED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  JUL 16 2012  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
PINCHAS RINGEL on behalf of himself and
all other similarly situated consumers

                Plaintiff,

-against-

UNITED RECOVERY SYSTEMS LP.

                Defendant.

-----------------------------------------------------------

CV-12 3517

IRIZARRY, J.

MANN, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Pinchas Ringel seeks redress for the illegal practices of United Recovery Systems LP. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Pinchas Ringel*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about June 8, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter stated in pertinent part as follows: "Our client Chase Bank U.S.A, N.A. is offering you a settlement of $1,777.04 in 3 payments over 3 months starting June 22, 2012. Once all three (3) payments of $592.35 each have been paid to our office on time, we will consider this account settled in full."

12. The letter continues to state in the succeeding paragraphs: "Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance."

13. Said letter is contradictory and outrageous, as the initial paragraphs of the letter lead the debtor to assume that once the agreed settlement has been paid in full, the account would be considered settled; while a succeeding paragraph in letter seems to suggest that if the

debtor is to make a mistake and pay more than the settlement amount agreed upon, the excess monies would go towards the amount already forgiven in the settlement.

14. The Defendant's said statements constitute a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

15. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if set forth fully in this cause of action.

16. This cause of action is brought on behalf of Plaintiff and the members of a class.

17. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter on or about June 8, 2012 (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (a) that the Defendant made deceptive and misleading representation in said letter in violation of 15 U.S.C. §§ 1692e, and 1692e(10).

18. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

19. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

20. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

22. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

23. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 12, 2012

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

-6-

5800 North Course Drive
Houston, Texas 77072

June 8, 2012

Address Service Requested

#BWNFTZF #URS46284127*2064#

19725691
Pinchas Ringel
101 WEBSTER AVE
BROOKLYN NY 11230-1015


UNITED RECOVERY SYSTEMS, LP
WWW.URSI.COM

Date.  June 8, 2012
Creditor.  Chase Bank U.S.A., N.A.
Account No..  4366163060349970
URS No.·  19725691
Account Balance:  $5,923.47
Telephone:  888-732-7009, ext 9239
Call Our Office 24 Hours A Day

## SETTLEMENT OFFER
## $1,777.04 IN 3 PAYMENTS

Our client Chase Bank U.S.A., N.A. is offering you a settlement of $1,777.04 in 3 payments over 3 months starting on June 22, 2012.

Once all three (3) payments of $592.35 each have been paid to our office on time, we will consider this account settled in full.

Each payment must be received by the due date or this settlement will be cancelled. If the settlement is cancelled any payments already received will be credited towards the full balance. Please send in your payments along with the payment stub to the address listed on the coupon.

Please call our toll free number, 888-732-7009 to confirm your interest in the settlement offer or to explain your circumstances.

Chase Bank U.S.A., N.A. is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C. If Chase Bank U.S.A., N.A. is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS.

Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,
GREGORY L WILLIAMS ext. 9239
United Recovery Systems, LP

NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER
1304511,1304544,1304533,1304515,1304538

---

**1 OF 3**

ACC# 19725691 - 0306
Mail Payment To:
United Recovery Systems, LP
P O. Box 722929
Houston, TX  77272-2929

Payment Amt - $592.35
Due Date - June 22, 2012
Payable to: Chase Bank U.S.A., N.A
Detach Coupon And Mail Payment

**2 OF 3**

ACC# 19725691 - 0306
Mail Payment To:
United Recovery Systems, LP
P O Box 722929
Houston, TX  77272-2929

Payment Amt - $592.35
Due Date - July 22, 2012
Payable to: Chase Bank U S.A., N.A.
Detach Coupon And Mail Payment

**3 OF 3**

ACC# 19725691 - 0306
Mail Payment To:
United Recovery Systems, LP
P.O Box 722929
Houston, TX  77272-2929

Payment Amt - $592.35
Due Date - August 21, 2012
Payable to: Chase Bank U.S.A., N.A
Detach Coupon And Mail Payment

URS08038-0606-2635*7021 2225